S. LANE TUCKER
United States Attorney

CHRISTINA SHERMAN
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: christina.sherman@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>JASON TRAVIS GRAY,<br><br>        Defendant. | No. 3:23-CR-00008-JMK |

**UNITED STATES' SENTENCING MEMORANDUM**

**SUMMARY OF SENTENCING RECOMMENDATIONS**

    **INCARCERATION** ................................................................................ **60 MONTHS**
    **JVTA ASSESSMENT** ....................................................................................... **$5,000**
    **RESTITUTION** ................................................................................................... **TBD**
    **FINE**..................................................................................................................... **N/A**
    **SUPERVISED RELEASE** ..................................................................... **25 YEARS**

Sentencing in this matter is scheduled before this Court on November 29, 2023. (Doc. 54.) The defendant pled guilty pursuant a plea agreement in June 2023. (Doc. 43.) The United States Probation Office ("USPO") filed a presentence report on October 12, 2023. (Doc. 51.) As explained below, the United States recommends that the Court sentence the defendant, Jason Travis Gray ("Gray"), to 60 months incarceration, the mandatory minimum for this offense, as well as 25 years of supervised release to follow, and a $100 special assessment. The Court should also order forfeiture of the items agreed upon in the plea agreement.

## I. BACKGROUND[1]

Jason Gray was discovered during a military investigation to be in possession of child pornography. Further investigation revealed he exchanged CSAM images with another user on Discord. Gray was indicted on charges of distribution of child pornography and possession of child pornography. He pleaded guilty to Count 1, Distribution of Child Pornography pursuant to 18 U.S.C. § 2252A(a)(2), (b)(1). Count 2 will be dismissed at sentencing.

## II. ADVISORY GUIDELINE APPLICATIONS

### A. Offense Level

#### 1. Base Offense Level & Adjustments

The USPO correctly calculated Gray's base offense level at 22 since his offense involved distribution of child sexual abuse material ("CSAM"). *See* 18 U.S.C.

---

[1] The facts set forth in this memorandum are a summary of facts contained in the PSR.

§ 2252A(a)(2); U.S.S.G. § 2G2.2. This case involves a number of specific offense characteristics, some of which the parties specifically stipulated to in the plea agreement. (Doc. 37 at 10; Doc. 51 ¶¶ 20-24.) The applicable specific offense characteristics result in a total of 18 additional offense points raising the adjusted offense level to 40.

### 2. Acceptance of Responsibility

The USPO correctly reduced Gray's offense level by three due to his timely acceptance of responsibility. *See* U.S.S.G. § 3E1.1(a). Gray pled guilty to the instant offense and the downward adjustment is therefore warranted. Gray's offense level should therefore be reduced from 40 to 37. *See* U.S.S.G. § 3E1.1(b).

### 3. Total Offense Level

The United States agrees with the USPO that Gray's Total Offense Level as set forth in the U.S.S.G. is 37.

### B. Criminal History Category

The USPO correctly determined that Gray has no criminal history points. Therefore, he is in Criminal History Category I. *See* U.S.S.G. Chapter 5, Part A.

## III. WITNESSES AND OBJECTIONS TO PSR

The government does not intend to call any witnesses. The defendant objects to including information that relates to the beginning of this investigation and Mr. Gray's involvement in Discord channels relating to the Boogaloo movement. The USPO included Gray's denials of this involvement in the relevant paragraph of the PSR. This information relates to the how this investigation began and is factually accurate regarding the AFOSI investigation. The inclusion of this paragraph does not change the guideline calculation.

The government believes the information is accurate but defers to the Court on its inclusion in the PSR.

## IV. JTVA ASSESSMENT AND RESTITUTION

### A. JVTA Assessment

18 U.S.C. § 3014 states that "the court shall assess an amount of $5,000 on any non-indigent person or entity convicted of an offense under . . . chapter 110 (relating to sexual exploitation and other abuse of children)." Chapter 110 includes 18 U.S.C. § 2252A(a)(2) for which the defendant is convicted. That statute is silent on how courts should determine a defendant's indigent status. *See Id.* However, simply qualifying for public counsel does not automatically make a defendant indigent for purposes of the JVTA assessment. *See United States v. Kelley,* 861 F.3d 790 (8th Cir. 2017) (finding no clear error in requiring assessment of defendant who qualified for public counsel); *United States v. Saair*, 737 Fed.Appx. 342 (9th Cir. 2018) (unpublished) (affirming the assessment imposed against a defendant who argued he was indigent due to public counsel).

The analysis of indigence for the application of this assessment is prospective. *See Kelley,* 861 F.3d at 801, *citing Strange*, 692 Fed.Appx. at 349. In *Strange* the Ninth Circuit found the district court "properly took into account that [defendant] was able-bodied." *Id.* The Eighth Circuit expanded on this reasoning in *Strange* where it found a fundamental difference between appointing counsel at the beginning of a case and assessing a fee during sentencing. *Id.* at 800. A court making a fee assessment should consider the defendant's health, work history, and future earning ability. *Id.* at 801.

Here, the defendant was employed with the military. He has college credits towards environmental sciences. He was enlisted in the Air Force as an intelligence analyst. The defendant has sufficient skills and training and he will be able to find employment and will not be indigent for purposes of the JVTA upon his release and therefore the Court should impose the $5,000 assessment.

**B.     Restitution**

Pursuant to 18 U.S.C. § 2259 and 2259A, Gray is obligated to pay restitution to known victims and is required by 18 U.S.C. § 2259A(b)(2)(B) to pay an assessment of not less than $3,000. In this case there are nine (9) identified victims of the CSAM images Gray possessed and/or distributed. (Doc. 51 ¶ 70a.) As the Court can see in the addendum to the PSR and the list of requests some of these victims are requesting more than the minimum. (Doc. 51 ¶ 70a; Doc. 52.) By statute, given the nine victims the Court should order restitution in an amount no less than $27,000.

This restitution amount is separate and in addition to the mandatory additional special assessment of $5,000 as required by 18 U.S.C. § 3014(a)(3) (JVTA).

**V.     FACTORS PURSUANT TO 18 U.S.C. § 3553(a)**

Under 18 U.S.C. § 3553(a), the Court must impose a sentence that achieves Congress' sentencing aims. Here, 60 months of incarceration with 25 years of supervised release to follow and a $100 special assessment is "sufficient, but not greater than necessary" to satisfy Congress' sentencing goals. *See* 18 U.S.C. § 3553(a).

A.   **The Nature and Circumstances of the Offense**

Gray distributed five images depicting child sexual abuse material (CSAM) to another user on Discord and received several images from the same user. Gray also possessed over 600 videos and images of CSAM. Gray's distribution of CSAM and possession of CSAM perpetuates the sexual exploitation of children. This serious offense warrants a 60 month sentence.

B.   **The History and Characteristics of the Defendant**

The defendant has no criminal history. He was an active-duty military member employed as an intelligence analyst. He has been diagnosed with PTSD after a deployment to Afghanistan. (Doc. 51 ¶¶ 47, 54). The defendant during the pendency of this case sought out mental health treatment and counseling after being placed on administrative leave and began working at Beans as a baker. (Doc. 51 ¶¶ 48, 53). Gray appears to appreciate the seriousness of and harm caused by his conduct. Gray does not appear to have any substance abuse issues. The defendant graduated high school and has some college credit. He was active duty but is facing discharge from the military soon.

A sentence of at 60 months of incarceration is necessary to stem the defendant's conduct. Additionally, a sentence that includes a lengthy period of supervised release to follow his incarceration will allow ensure the safety of the public and allow Gray to reenter society with the support and resources of the USPO, while also being held to a high standard of accountability.

### C. <u>Basic Aims of Sentencing</u>

In addition to the nature of the offense and history and characteristics of the defendant, this Court must consider the basic aims of sentencing including: the seriousness of the offense and the need for a just punishment, general and specific deterrence, protection of the public from the defendant's future crimes, the defendant's need for vocational, educational, other training, all while considering the type of sentences available, and parity in sentencing. 18 U.S.C. § 3553(a)(2)-(7).

Distribution of child sexual abuse material possession is a serious offense, in this case Gray exchanged several CSAM images with another Discord user. He also possessed hundreds of CSAM videos and images. This offense requires a just punishment. Gray was a productive member of society, but his possession and distribution of CSAM warrants a sentence that provides a real deterrent to the defendant and sends a message of general deterrence to others who would consider possessing or distributing CSAM. This is the defendant's first offense and he has no other criminal history. A 60 month sentence coupled with a lengthy term of 25 years of supervised release will satisfy the deterrence and protection of the public sentencing factors.

It does not appear that Gray is in need of educational or vocational training or substance abuse treatment, but he can take advantage of programs while in custody that may assist him when he reenters society.

As noted above the defendant is required to pay restitution by statute and it should be ordered in this case.

## VI. CONCLUSION

Based upon the sentencing factors in 18 U.S.C. § 3553(a), and as those factors are embraced through the Guidelines, a sentence of 60 months will best meet the ends of justice in this case. In addition, the Court should impose 25 years of supervised release and the standard and special conditions listed in the PSR. The Court should also order forfeiture of the items listed in the PSR and plea agreement.

RESPECTFULLY SUBMITTED, November 22, 2023, in Anchorage, Alaska.

S. LANE TUCKER
United States Attorney

s/ Christina Sherman
CHRISTINA SHERMAN
Assistant U.S. Attorney
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on November 22, 2023,
a true and correct copy of the foregoing
was served electronically on the counsel of record.

Jane Imholte
Assistant Federal Defender

s/ Christina Sherman
Office of the U.S. Attorney